The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion regarding the tax levied for maintenance of the Pine Bluff-Jefferson County Library System. You note that the merger of the county and city library systems was effected through an interlocal agreement, and that a millage increase proposal was placed on the November, 1988 ballot. The proposed increase was passed by the City of Pine Bluff, but failed in the county. If the city vote is included with the county vote, the millage increase will have passed by 188 votes countywide.
Your specific question is restated as follows:
 May the Jefferson County Tax Assessor's office assess the millage increase in both the city and the county since the millage proposal passed countywide when combining the city and county vote totals?
It is my opinion that the answer to this question is "no." This conclusion is initially indicated by the language of Amendment 38
of the Constitution of Arkansas which permits a vote on the question of an annual county library tax. Section 2 of Amendment 38 states in pertinent part that the tax should be continually levied and collected upon a majority vote in favor of the tax:
[P]rovided, however, that such tax shall not be levied against any real or personal property which is taxed for the maintenance of a city library, pursuant to the provisions of Amendment No. 30; and no voter residing within such city shall be entitled to vote on the question as to whether county tax shall be levied. [Emphasis added.]
It is my opinion that, if faced with this question, a court would similarly conclude that voters residing within a city that maintains a city library may not vote on the question of whether the county tax should be increased. This conclusion is compelled in part by the language of Section 3 of Amendment 38 wherein it states that the result "shall be certified and entered of record as provided in Section 2 hereof" and "the revised tax shall thereafter be continually levied and collected and proceeds used in the manner and for the purposes as provided in Section 2 hereof."
The fact that the county and city library systems were merged through interlocal agreement does not alter this conclusion; indeed, it may actually further support this result. You indicate in your correspondence that the interlocal agreement was entered pursuant to Amendment 55 to the Constitution of Arkansas. Section 1(c) of Amendment 55 states in pertinent part that "[a] county may, for any public purpose, contract, cooperate, or join . . . with any political subdivisions of the State." It should be noted, however, that this provision may not be relied upon as authorizing a city's exercise of any power or function that it could not independently undertake. This fact is illustrated by the various Code provisions governing interlocal agreements. The Interlocal Cooperation Act, codified as A.C.A. 25-20-101, et seq., states in pertinent part as follows under 25-20-104(a):
 Any governmental powers, privileges, or authority exercised or capable of exercise by public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law. . . . [Emphasis added.]
Interlocal agreements are also authorized under A.C.A. 14-14-910
wherein it states:
 The county court of each county may contract, cooperate, or join with any one (1) or more other governments or public agencies, including any other county, or with any political subdivisions of the state or any other states, or their political subdivisions, or with the United States to perform any administrative service, activity, or undertaking which any contracting party is authorized by law to perform. [Emphasis added].
A.C.A. 14-14-910(a).
It is thus apparent that the parties to an interlocal agreement can only jointly exercise those powers and privileges that they are independently capable of exercising. In this instance, it is clear that a city has no power to independently determine the rate of tax to be levied in support of a county library system. Rather, the residents of a city may only vote at a general city election on the question of whether a tax will be levied, or raised, in support of a city library. See Const. Ark., Amend. 30. It may therefore reasonably be concluded that the city vote cannot be determinative of the millage rate in this instance. The county must, instead, also pass the increase disregarding the city vote.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.